IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRED G. MUNER, JR., | § | |
| Movant, | § | |
| | § | |
| v. | § | MISC. CASE NO. H-05-287 |
| | § | |
| BENQ CORP., | § | |
| Respondent. | § | |

## **ORDER**

Fred G. Muner, Jr., *pro se*, initiated this miscellaneous case by filing a Motion to Quash Subpoena [Doc. # 1]. Muner states that he was served with a deposition subpoena that required his personal appearance, but he was not tendered a mileage allowance.

"Service of a subpoena upon a person named therein shall be made by delivering a copy . . . and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law." FED. R. CIV. P. 45(b)(1). The rule requires simultaneous tendering of the $40.00 witness fee as well as a reasonably estimated mileage allowance. *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003). The reasonable mileage allowance is based on the witness's method and distance of transportation. *Id.* at 705. Moreover, the rule does not include a *de minimis* exception for situations such as is presented in this case where the deposition

is relatively close to the witness's place of employment. *Id*. The party serving the subpoena is not required to make a perfect estimate of the travel expenses, only a reasonable one. *Id*. In this case, however, Respondent made no attempt to calculate and tender at least a reasonably estimated mileage allowance and, therefore, the subpoena should be quashed. *See id*. Accordingly, it is hereby

**ORDERED** that the Motion to Quash [Doc. # 1] is **GRANTED**. Respondent may serve a new subpoena on Muner with a reasonably estimated mileage allowance. The $40.00 witness fee previously paid to Movant will apply to the new subpoena.

SIGNED at Houston, Texas, this **27th** day of **July, 2005**.

_____
Nancy F. Atlas
United States District Judge